DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, which granted appellee's motion to name the father as the residential parent of the minor children. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Maria Johnson, sets forth the following four assignments of error:
 {¶ 3} "First assignment of error. The trial court erred and abused its discretion in modifying the prior allocation of parental rights and responsibilities.
 {¶ 4} "Second assignment of error. The trial court erred and abused its discretion in admitting hearsay evidence and evidence without proper foundation.
 {¶ 5} "Third assignment of error. The trial court erred and abused its discretion in not affirming the wishes and concerns of the minor children to reside with appellant.
 {¶ 6} "Fourth assignment of error. The trial court erred and abused its discretion in modifying the child support and the health insurance order in the absence of the mandated verified income data, and in the absence of any earned income of appellant."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. This case stems from a motion to modify the residential parenting allocation issued in a 1999 divorce decree between appellant and appellee. Appellant and appellee were previously married and had two minor children. The parties have a son, born in 1993, and a daughter, born in 1996. *Page 3 
 {¶ 8} The parties were divorced on December 17, 1999. Under their original divorce decree, appellant was designated as the residential parent and legal custodian of both children. On March 3, 2005, appellee filed a motion to modify the divorce decree and be named as the residential parent of the minor children. In support of his motion, appellee asserted that due to changed circumstances arising following the divorce, it was in the best interest of the children to reside with appellee. Specifically, it was revealed that appellant had developed a severe drug dependency. Appellant was addicted to both cocaine and marijuana. Appellant was consuming approximately $1,000 in cocaine on a monthly basis. As appellant's addiction worsened over time, she often lacked the funds to support her drug habit. Ultimately, she resorted to abusing the prescription medications of her minor children.
 {¶ 9} Appellee's motion to be named residential parent went to hearing on July 1, 2005. The hearing was lengthy and needed to be bifurcated. The hearing concluded on August 17, 2005. On September 9, 2005, the magistrate issued his decision. The trial court determined that under the circumstances presented, it was in the best interest of the children that appellee be named as their residential parent.
 {¶ 10} On September 23, 2005, appellant filed her objections to the decision. On February 2, 2006, appellee filed his response to appellant's objections. On *Page 4 
February 15, 2006, an amended magistrate decision was issued again ruling in favor of appellee. On February 27, 2006, appellant filed her objections to the adverse amended magistrate decision. On March 17, 2006, appellee filed his response to appellant's objections. On August 15, 2006, the trial court filed its judgment affirming the decision of the magistrate. Appellant filed a timely notice of appeal.
 {¶ 11} In her first assignment of error, appellant claims that the trial court abused its discretion in modifying the prior allocation of parental rights. In support, appellant argues that the children wished to remain residing with her, the children had a strained relationship with their father, and that the court failed to give adequate deference to the presumption in favor of retaining the current residential parent.
 {¶ 12} The determination of a trial court regarding child custody matters cannot be reversed on appeal absent an abuse of discretion.Miller v. Miller (1988) 37 Ohio St.3d 71, 73-74. Finding that an abuse of discretion occurred requires more than showing an error of law or judgment. It necessitates that the court's attitude be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore, (1984),5 Ohio St.3d 217, 219. *Page 5 
 {¶ 13} When confronted with a motion to alter prior parental allocation, the basis upon which a trial court decides such a motion is established in Ohio's domestic relations statutes. R.C. 3109.04 (E)(1) expressly provides that a court shall modify a prior parental allocation decree when it determines that such modification is necessary to serve the best interests of the children.
 {¶ 14} We have carefully reviewed the record. The record shows that subsequent to the original parental allocation, it was discovered that appellant had developed a severe substance abuse problem. Appellant's drug dependency involved cocaine and marijuana. Appellant's addiction progressed to the point where it compromised the best interests of her children. Appellant was traveling regularly to Cleveland in search of drugs. Appellant spent her entire monthly social security check to acquire cocaine to feed her drug dependency.
 {¶ 15} When appellant lacked the money to maintain her illicit drug habit, she would resort to abusing her children's prescribed Ritalin medication. While appellant's efforts to conquer her addiction and remain sober are commendable, they do not negate the change in circumstances which prompted appellee's motion.
 {¶ 16} Under the record of evidence in this case, we cannot say that the trial court's decision to affirm the magistrate's granting of appellee's motion was *Page 6 
unreasonable, arbitrary or unconscionable. Appellant's first assignment of error is found not well-taken.
 {¶ 17} In appellant's second assignment of error, she contends that the trial court abused its discretion in admitting alleged hearsay evidence. Specifically, appellant refutes the admission into evidence of several prescription history charts, as well as several alleged adverse hearsay statements made by appellee during trial. Civ.R. 53 (D)(3)(b)(iv) specifically provides that, "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 18} The record shows that appellant did not file a specific objection to the issues underlying her second assignment of error as necessitated by Civ.R. 53. As such, the second assignment of error is moot. Appellant's second assignment of error is found not well-taken.
 {¶ 19} In appellant's third assignment of error, she contends the trial court abused its discretion in failing to affirm the express wishes of her minor children regarding the selection of a residential parent. R.C. 3109.04(B)(1) mandates that a trial court take into consideration the wishes of the child in determining what allocation of parental rights is in their best interest. *Page 7 
 {¶ 20} The record clearly reflects that the trial court did take into consideration the wishes of the children in reaching its decision. Although the children did express a desire to remain living with their mother, the record reveals that the trial court determined those wishes were outweighed by the risks associated with residency with their mother.
 {¶ 21} Uncontroverted evidence established that appellant's drug addiction had compromised the best interest of her children. The record shows that the trial court thoroughly weighed and considered all mitigating and aggravating circumstances relevant to the motion in the course of crafting a decision.
 {¶ 22} There is no evidence that the trial court failed to consider the wishes of the children and abused its discretion in finding it to be in the best interest of the children to name their father as residential parent. Appellant's third assignment of error is not well-taken.
 {¶ 23} In appellant's fourth assignment of error, she alleges that the trial court abused its discretion in modifying the child support order. We need not belabor our analysis of this assignment.
 {¶ 24} Just as in the second assignment of error, the basis of the fourth assignment of error is rooted in a dispute that appellant did not object to at the trial *Page 8 
court level. As such, it is moot pursuant to Civ.R. 53 (D)(3)(b). Appellant's fourth assignment of error is not-well taken.
 {¶ 25} On consideration whereof, the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1